A court should look, also, to the character of the interest prompting the motion. If the bankrupt act is, on all matters within its purview, the supreme law, no court should lend a willing ear to one who seeks to escape the force of its provisions; nor should it, after laches, when it is impossible, as in this case, to do justice to all, entertain and uphold a motion to the injury of the body of creditors for the benefit of one or more who desire peculiar advantages which the paramount law of the land is designed to prevent. From the delays in this case, it is apparent that if the adjudication and all proceedings thereunder are vacated, gross wrong to many creditors will follow. The death of Mr. Thomas has prevented the possibility of restoring all the creditors to their original status. Hence it is held, that no creditors can now be heard to vacate the judgment on the grounds alleged. It is immaterial whether the mercantile bank and Mr. Thomas did collude to have the adjudication made, for Mr. Thomas could have been adjudicated a bankrupt on his own motion, and the same results would have followed as now exist. The confession as to the special facts alleged as an act of bankruptcy, and, indeed, the valid existence of the petitioning creditor's alleged claim, conclude none of the other creditors.

A few prominent suggestions are thus hurriedly made to indicate some of the many grounds upon which the court rests its decision. It cannot order a reference to a master to take proofs, nor entertain the petition in the state of the record in this case. It, therefore, dismisses the petition with costs, it being considered that the record of the case against Thomas, and the proceedings therein, are before the court for the purpose of this decision.

THOMAS, In re    See Case No. 10,395.

## Case No. 13,892.

### The THOMAS.

[See Case No. 3,769.]

THOMAS (ALEXANDER v.). See Case No. 174.

THOMAS (ALLEN v.).   See Case No. 239.

## Case No. 13,893.

### THOMAS v. BRENT.

[1 Cranch. C. C. 161.] [1]

Circuit Court, District of Columbia. March 26, 1804.

##### EXECUTION— FORTHCOMING BOND—MARSHAL'S COMMISSIONS.

The marshal may include his commissions in a forthcoming bond, and is also entitled to his commissions upon an execution on the bond.

[1] [Reported by Hon. William Cranch, Chief Judge.]

[This was an action by John V. Thomas against D. C. Brent, marshal.]

Rule to show cause why the marshal should not return his commissions received on an execution upon a forthcoming bond, which included his commissions on a former execution levied upon goods.

Mr. Taylor, in support of the rule. The act of congress, of February 27, 1801, § 9 (2 Stat. 106), respecting the fees of the marshal, refers to a former law respecting the marshal for the district of Maryland. If the fees are for a service not known by the laws of Maryland, or by act of congress, then the marshal is either not entitled to a fee, or he is entitled under the laws of Virginia of December 10, 1793, c. 151, § 13 (New Rev. Code, p. 298); of December 24, 1794, § 11 (New Rev. Code, p. 326); and the fee-bill of December 19, 1792 (New Rev. Code, p. 218), to a fee of sixty-three cents only. The property has not been actually sold nor replevied, nor has the debt been paid; the marshal, therefore, is not entitled to a commission. Before the act of December 24, 1794, the officer could not include commissions in the forthcoming bond. Worsham v. Egleston, 1 Call, 48. By that act, the officer is allowed to include commissions in the bond, but shall not receive them unless the bond be forfeited. The act proceeded upon the principle that the officer was entitled to commissions, and only directs that they may be included. It was founded on a mistake of what was the law before, and therefore does not give the right to receive a commission. By the law of Maryland of 1779, c. 25, the officer is allowed the same fees on attachment as on execution, where the sheriff is chargeable. By the Virginia law, the sheriff is not liable to the risk after bond given, and cannot be chargeable before, because the defendant has no right to tender a bond after the officer has removed the goods, and until removal, the officer is not liable.

Mr. Mason, contra. The bond satisfies the former judgment and execution. The laws of Virginia do not apply to the case. By the act of congress. the fees of the marshal of this district, are the same as those of the marshal of the district of Maryland; which by the act of congress of May 8, 1792, § 3 (1 Stat. 276) are to be the same as are allowed in the supreme court of the state. The law of Maryland is the only law applicable to the case. By the fee-bill of Maryland, the sheriff, for levying an attachment, or where the sheriff is chargeable, is entitled to the same fees as on executions; and upon a fieri facias the same as upon attachments; and upon any execution for money, he is entitled to 7½ per cent. on the first £10, and three per cent. on the residue. The words are, "or wherewith he shall be chargeable." Was the marshal chargeable for these goods? The case stated, is, that the fieri facias was levied on the goods. Levying means taking the goods into possession. Until the goods were discharged by the bond, the marshal was chargeable. The fee is for